**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**MARQUETTE DAMON EANES,**

>  **Plaintiff,**

**v.**                                                              **Case N0. 3:16-cv-00065**

**JAYLANA MAY,**

>  **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On January 5, 2016, Plaintiff Marquette Damon Eanes ("Plaintiff"), proceeding *pro se* and then incarcerated at the Western Regional Jail ("WRJ") in Barboursville, West Virginia,[1] filed a complaint in the above-captioned case and applied to proceed without prepayment of fees or costs. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the Application to Proceed without Prepayment of Fees and Costs be **DENIED**, (ECF No. 1), and the complaint be **DISMISSED**, with prejudice, because (1) Plaintiff failed to exhaust his administrative remedies and (2) the complaint fails to state a claim for which relief may be granted. (ECF No. 2).

---

[1] According to the West Virginia Division of Corrections Inmate Locator, Plaintiff is now incarcerated at the Huttonsville Correctional Center.

## I.   <u>Introduction</u>

In the complaint, Plaintiff alleges that Defendant, a nurse working at the WRJ, refused to give Plaintiff his prescribed dose of Prilosec during evening pill pass. (ECF No. 2 at 4). According to Plaintiff, Nurse Jaylana May was passing out pills on the evening of December 20, 2015. Plaintiff asked for his Prilosec, which had been prescribed by the WRJ's doctor. Nurse May advised Plaintiff that she did not have any Prilosec on the pill cart, and she "wasn't stopping pill pass" to go to the medical unit to retrieve it. (*Id.*) Plaintiff claims that he then asked Correctional Officer Jarvis, who was helping Nurse May, to take him to the medical unit once pill pass was completed, so he could get Prilosec; however, Officer Jarvis denied the request on the basis of Nurse May's earlier refusal. Plaintiff contends that Nurse May is frequently disrespectful to the inmates, including Plaintiff, and he "is tired of it." (*Id.* at 5). Plaintiff demands that the court fire Nurse May and award him $25,000 for "pain and suffering." (*Id.*).

When asked in the form complaint if he had presented the facts relating to his complaint in the state prisoner grievance procedure, Plaintiff answered in the negative. (*Id.* at 3). When asked why he had not filed a grievance and followed the available grievance procedure, Plaintiff explained "[b]ecause there is a buddy, buddy system going on here between the male and female staff so nothing will never get done about the problem I have with the way the nurse treated me at pill pass." (*Id.*).

## II.   <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") requires district courts to screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). *See* 28 U.S.C. § 1915(e). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant "who is immune from such relief." *Id.* A case is "frivolous" when it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. When determining whether a complaint survives initial screening under the PLRA, the court must apply the same legal standard that is used to review a complaint under Fed. R. Civ. P. 12(b)(6). *See DeLonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003).

In the event of a *pro se* complaint, the court must liberally construe the allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Nevertheless, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a cause of action that is cognizable in federal court. *Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The court may

not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  Analysis

After reviewing Plaintiff's complaint and liberally construing the allegations in his favor, the undersigned concludes that the complaint fails to state a viable claim and must be dismissed for the reasons explained below.

### A.  Plaintiff Failed to Exhaust Administrative Remedies

The PLRA also requires prisoners to exhaust administrative remedies prior to filing a complaint in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see, also, Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." (citations and internal quotation marks omitted)). Generally, exhaustion need not be alleged by the plaintiff, but is instead "an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.,* 407 F.3d 674, 681 (4th Cir. 2005). Nonetheless, the fact that exhaustion is

4

an affirmative defense "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." *Id.* In the rare instance when the face of a complaint clearly demonstrates a prisoner's failure to exhaust administrative remedies, *sua sponte* dismissal on that ground is appropriate. *Anderson*, 407 F.3d at 682 (citing *Nasim v. Warden,* 64 F.3d 951 (4th Cir. 1995)). When exhaustion is not clear on the face of the complaint, a district court may still *sua sponte* raise that affirmative defense, but may not dismiss the complaint on that ground without first giving the plaintiff an opportunity to respond. *Id.* at 682-83.

Here, Plaintiff confirmed on the face of the complaint that the WRJ had a grievance procedure, yet Plaintiff did not file a grievance, or otherwise present the issue to the WRJ's administrators before filing a federal civil rights complaint. (ECF No. 2 at 3). Indeed, the complaint was prepared and signed by Plaintiff on December 21, 2015—the day following the evening pill pass about which Plaintiff complains. Accordingly, the WRJ was denied the opportunity to investigate the matter and resolve it. When asked to explain why he did not pursue administrative relief, Plaintiff claimed that male and female staff members engaged in a "buddy, buddy system" and thus would not have addressed his grievance. (*Id.*). Plaintiff's unsupported, speculative, and conclusory excuse simply does not provide an adequate basis for bypassing the WRJ's available grievance process. *See Ross v. Blake*, 136 S. Ct. 1850, 1854–55, 195 L. Ed. 2d 117 (2016) ("The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a). The court below adopted an unwritten 'special circumstances' exception to that provision, permitting some prisoners to pursue litigation even when they have failed to exhaust available administrative remedies. Today, we reject that freewheeling approach

to exhaustion as inconsistent with the PLRA."). In *Ross,* the Supreme Court reiterated that exhaustion is mandatory and "is no longer left to the discretion of the district court." *Id.* at 1858 (quoting *Woodford v. Ngo,* 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)). Plaintiff alleges no facts to suggest that the WRJ's grievance process was not available to him. Consequently, he was required to comply with the steps of that process before proceeding to federal court.

Because this is one of the rare cases in which the failure to exhaust administrative remedies is clear on the face of the complaint, the court may *sua sponte* dismiss the action on that ground. Accordingly, the undersigned **FINDS** that Plaintiff failed to exhaust available administrative remedies as required by the PLRA and **RECOMMENDS** that the complaint be dismissed for a lack of exhaustion.

### B.  Plaintiff Fails to State a Claim under 42 U.S.C. § 1983

In order to maintain a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, including the "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). To comply with the Eighth Amendment, each state must provide its sentenced prisoners with "adequate food, clothing, shelter, and medical care ...." *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official violates the Eighth Amendment when he responds to a prisoner's serious medical need with deliberate indifference.

*Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

To state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. Under the objective prong, the inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle,* 429 U.S. at 104. A medical condition is serious under the Eighth Amendment when it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would understand that medical attention is necessary. *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). A serious medical need may also be shown by the presence of a medical condition that significantly affects the prisoner's daily activities or causes chronic and substantial pain. *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992); *see, also, Adams v. Southwest Virginia Regional Jail Authority,* 524 Fed.Appx. 899, 900-01 (4th Cir. 2013). Also under the objective prong, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions," *De'Lonta,* 330 F.3d at 634 (quoting *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir. 1993)), "or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (citing *Helling v. McKinney,* 509 U.S. 25, 33–35, 113 S.Ct. 2475, 125 L.Ed.2d 2261 (1993)).

Under the subjective prong, the inmate must show that the defendant subjectively responded with deliberate indifference to the inmate's serious medical need. *Wilson v. Seiter,* 501 U.S. 294, 297–99, 111 S.Ct. 2321, 2323–2325, 115 L.Ed.2d 271 (1991). Not every refusal or delay of medical care will translate into a "constitutional liability" for prison officials. *Farmer,* 511 U.S. at 834 "[D]eliberate indifference entails something more than

mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835.

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See Id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, *supra* at 851-852. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). If the requisite subjective knowledge is established, an official may still avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. An inmate is not entitled to unqualified access to health care, and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir. 1977).

In the complaint, Plaintiff asserts that Nurse May refused to stop passing out pills to the other inmates in order to go collect his Prilosec. He further complains that the correctional officer would not agree to take him to the medical unit after pill pass, so that he could get his medication then. Finally, Plaintiff contends that Nurse May should have brought the prescription to him later "like any other good nurse who does her job right." (ECF No. 2 at 5). However, Plaintiff does **not** allege that he was experiencing any serious medical concerns at the time of pill pass; that he complained to Nurse May of being in pain, or of having worrisome symptoms; that he was openly suffering or clearly appeared to be in distress; that he developed serious symptoms later that night related to the missed dose of Prilosec; or that he was refused treatment when he developed serious symptoms.

Actually, Plaintiff does not describe having any specific physical manifestation related to missing the dose of Prilosec, nor does he allege a known and substantial risk of harm associated with missing a single dose of that medication. To the contrary, Plaintiff's complaint is focused more on the perceived disrespect displayed by Nurse May, than on a physical or emotional consequence related to her refusal to get him Prilosec.[2] As previously discussed, to sustain a constitutional claim based upon a lack of medical treatment, Plaintiff must allege, and ultimately demonstrate, that he suffered "substantial harm" from the lack of care. *See Pickrell v. Hampton Roads Reg'l Jail*, No. 1:15CV657 CMH/MSN, 2015 WL 5384998, at *6 (E.D. Va. Sept. 9, 2015) (quoting *Webb v. Hamidullah,* 281 Fed. App'x. 159, 166 (4th Cir.2008) and *Shabazz v. Prison Health Servs.,* No. 3:10cv190, 2011 WL 2489661, at *6 (E.D.Va. Aug. 9, 2011)). ("A delay in medical treatment may also constitute deliberate indifference. A constitutional violation only occurs, however, if the delay results in some 'substantial harm' to the patient. Thus, in addition to alleging that the medical need was objectively serious, the plaintiff must also show that the delay in the provision of medical care resulted in an objectively 'substantial harm' in order to establish an Eighth Amendment violation. 'The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain.'").

In a similar case brought in the Western District of Michigan, the plaintiff argued that his right to medical care under the Eighth Amendment was violated when a prison nurse failed to provide him with Prilosec at the time prescribed, effectively preventing him from receiving his medication for two weeks. *See Crump v. Janz*, No. 1:10-CV-583,

---

[2] Although under the section of the form complaint entitled "Relief," Plaintiff demands $25,000 for the "suffering [he] had to go through the night [Nurse May] refused to give [him] his medication," (ECF No. 2 at 5), Plaintiff fails to state any factual allegations to support the prayer for relief.

2010 WL 2854266, at *5–6 (W.D. Mich. July 19, 2010). Plaintiff Crump alleged that, without his Prilosec, he suffered two weeks of discomfort from acid reflux. Noting that cases involving "minor maladies" or complaints of non-obvious serious medical needs require evidence to establish the "detrimental effect of the delay in medical treatment," the Michigan District Court dismissed the complaint. *Id*. The court concluded that Plaintiff Crump had not demonstrated "a sufficiently serious medical need that was left untreated," and consequently, he failed "to allege facts supporting the objective component of his Eighth Amendment claim." *Id.; see, also, Romero v. Kail*, 597 F. App'x 802, 803 (5th Cir. 2015) ("Nurse Brown's refusal to give [the plaintiff] pain medication on three dates in September 2013 is likewise not actionable as Romero has not alleged that the three-day delay in receiving pain medication resulted in any substantial harm.")

As the above cases demonstrate, Plaintiff's complaint that he was denied one dose of Prilosec without any corresponding harm simply does not state a constitutional claim under § 1983. *See McClam v. Sparks*, No. CIV.A 3:08-1621-TLW-, 2008 WL 4280381, at *2 (D.S.C. Sept. 10, 2008) ("The plaintiff's claims under § 1983 should be dismissed for failure to state a claim. Plaintiff does not allege that he is being denied his medication, just that he was not given his sleeping medication on one occasion which fails to establish a constitutional violation."); *also, Cox v. Prather*, No. 3:12CV-P394-H, 2012 WL 5472023, at *5 (W.D. Ky. Nov. 9, 2012) ("Plaintiff contends that on July 26, 2012, Defendant Prather came to check on him in the early morning hour, but she refused to examine him or to give him his morning medications. Plaintiff's allegations as to this date fail to state any serious medical need or that Defendant Prather was indifferent to a known serious medical need of Plaintiff's. Accordingly, this claim will be dismissed from this action."); *and Lindwurm v. Wexford Health Sources, Inc.*, 84 F. App'x 46, 48 (10th Cir. 2003)

("Furthermore, although a delay in providing medical treatment may support an Eighth Amendment claim, it will do so only if 'the delay resulted in substantial harm.' *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir.2001) (quotation omitted). Lindwurm has failed to proffer any evidence suggesting that any brief and isolated delays in receiving his medications substantially harmed him."). As Plaintiff fails to provide factual allegations sufficient to demonstrate that he suffered from an objectively serious medical condition at the time that Nurse May refused to get his Prilosec, and that the lack of medical treatment either caused him harm or subjected him to a substantial risk of harm, the undersigned **FINDS** that Plaintiff's complaint fails to state a constitutional violation and, therefore, **RECOMMENDS** that the complaint be dismissed.

### C.  Plaintiff's Request for Injunctive Relief is Moot

"To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d 689, 69-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."

*Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Moreover, "[a]ny declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Id.*

Nevertheless, a plaintiff's claim should not be dismissed as moot if there is sufficient evidence to conclude that the action is "capable of repetition, yet evading review." *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449, 462, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007). The exception is limited to exceptional circumstances. *See Incumaa*, 507 F.3d at 289. In the absence of a class action, the 'capable of repetition, yet evading review' doctrine is limited to the situation where two elements combined: (1) the challenged action was "in its duration too short to be fully litigated prior to its cessation or expiration," and (2) there was "a reasonable expectation that the same complaining party would be subjected to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

The burden on a prisoner to establish post-transfer viability of such a claim is heavy. The plaintiff must make a reasonable showing "that he will again be subject to the alleged illegality." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). In *Higgason*, an inmate alleged that his claim for injunctive relief made pursuant to a § 1983 claim should not be dismissed as moot, even though he was no longer at the facility about which he complained, because his return to that facility was a "virtual certainty." *Id.* The court

rejected this contention as a basis for applying the exception, stating, "[s]uch an allegation does not amount to a 'showing' or a 'demonstration' of the likelihood of retransfer." *Id.* Mere conjecture that a plaintiff may return to a prison facility and again face the alleged wrong is not sufficient to meet the mootness exception. *Id.*

Applying these standards, the undersigned **FINDS** that Plaintiff's request for injunctive relief (that Nurse May be fired) should also be dismissed as moot. Plaintiff interacted with Nurse May while he was housed at the WRJ. He has since been transferred to Huttonsville Correctional Center, a Division of Corrections facility. Consequently, Plaintiff is no longer subjected to the policies, procedures, and personnel of the WRJ, or the West Virginia Regional Jail and Correctional Facility Authority. He has not established a "reasonable expectation" or a "demonstrated probability" that he will return to the WRJ, or any other Regional Jail facility. Therefore, the requested relief would have no practical impact on Plaintiff's rights, nor redress in any way his alleged injuries. For that reason, the undersigned **FINDS** that (1) Plaintiff's transfer to Huttonsville Correctional Center renders his request for injunctive relief moot and (2) the current circumstances do not support the conclusion that Plaintiff's claim for injunctive relief falls within the "capable of repetition, but evading review" exception to the doctrine of mootness.

## IV.   <u>Proposal and Recommendations</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Application to Proceed without Prepayment of Fees and Costs be **DENIED**, (ECF No. 1), and the complaint, (ECF No. 2), be **DISMISSED**, with prejudice, and be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** September 16, 2016

Cheryl A. Eifert
United States Magistrate Judge

14